STUBBLEFIELD, Defendant in Error, *vs.* BRANSON, Plaintiff in Error.

1. The sale of an improvement on public land is a sufficient consideration to support a promise to pay for it, although the vendor does not actually reside upon the land at the time of sale.

### Error to Osage Circuit Court.

This was an action commenced before a justice of the peace, to recover the value of an improvement on public land.

At the trial in the Circuit Court on appeal, it appeared that the plaintiff never actually lived upon the land. The improvement consisted of a field inclosed by a fence. There was evidence tending to show that defendant promised to pay plaintiff for the improvement. The court instructed the jury to find for plaintiff if they believed there was such a promise, and that in consideration of it, the plaintiff relinquished possession of the improvement. An instruction that the plaintiff could not recover unless he was in *actual* possession when he sold to defendant was refused. There was a verdict for plaintiff, and the defendant brings the case to this court by writ of error.

*E. L. Edwards*, for plaintiff in error. The only interest which Stubblefield could have in the improvement was the possession, as he claimed no title to the land. If he did not have

the actual possession, the contract would have been void for want of consideration, even if there had been an actual buying and selling, of which, however, there was no evidence. (4 Mo. Rep. 235. 6 Mo. Rep. 590.)

*Parsons,* for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

1. The only point presented for our determination is, whether the sale of an improvement on the public lands of the United States is a sufficient consideration to support an agreement to pay for it, unless the claimant of such improvement actually resides upon the land. We do not consider the case of *Clark* v. *Shultz,* (4 Mo. Rep.,) as furnishing any ground for the distinction between improvements, which may consist in part of dwellings occupied by the seller, and those on which there is no actual residence. A dwelling is spoken of in that case simply because the fact was, there was one on the improvement. Actual residence makes no difference in principle. It may be that one who is actually residing upon public lands submits to a greater inconvenience, in yielding up his improvement, than he who merely abandons to another an improvement without a dwelling upon it. But this makes no difference. There is a sufficient consideration in each case for a promise. The transfer of the improvement is a prejudice to the seller and a benefit to the purchaser, and therefore a valid consideration. The relinquishment of any improvement upon the public land, whether it consists of dwellings or not, is a sufficient consideration to support a promise. In states in which the public lands are situated, it is maintained that the sale of a claim or improvement is a sufficient consideration to support a promise, and this, in the nature of things, cannot depend on the character of the improvements which may have been made. It is enough that they are worth any thing, and if so, their abandonment, at the request of another, is a sufficient consideration to support a promise by him. (*Doyle* v. *Knapp,* 3 Scam. 337. *Freeman* v. *Holliday,* 1 Mor. (Iowa) Rep. 80.)

This court does not interfere with verdicts on the ground that they are against the weight of evidence. Judge Ryland concurring, the judgment will be affirmed.